UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X
CHAYA HERSHKOWITZ,

                Plaintiff,

     -against-

ARSTRAT, LLC,

                Defendant.
-------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21-CV-6093 (EK) (TAM)
(Not for publication)

**TARYN A. MERKL**, United States Magistrate Judge:

      On November 2, 2021, this case was timely removed to this Court from New York State court on the basis of federal question jurisdiction. (Notice of Removal, ECF No. 1.) In the Complaint, Plaintiff alleged a violation of the Fair Debt Collection Practices Act (FDCPA), related to communications she claimed to have received from Defendant, a debt collector, in regard to a debt for medical services. (State Court Compl., ECF No. 1, at ECF pp. 8–9.) Following a referral to the EDNY arbitration program, the arbitrator awarded a verdict for Plaintiff, and a statutory damages award of $1,000.00. (Mem. of Law in Supp. of Pl.'s Mot. for Attorney's Fees ("Pl.'s Mot."), ECF No. 20-1, at 2.)

      Plaintiff's counsel now seeks attorney's fees and costs. Defendant objects to the amount sought, and the Honorable Eric R. Komitee referred this motion to the undersigned for a Report and Recommendation. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion for fees be granted in part.

## BACKGROUND

      On July 14, 2022, Plaintiff filed a notice of motion for attorney's fees and costs, supported by a memorandum of law, declarations from three attorneys who worked

1

on the case, and billing records. (Pl.'s Mot., ECF No. 20.) In response, Defendant filed a motion to compel, requesting that the Court order Plaintiff's counsel to provide an unredacted copy of the billing records. (Mot. to Compel, ECF No. 22.) After briefing, this Court denied the motion to compel on August 16, 2022, noting that the majority of the redacted entries in Plaintiff's billing records were excluded from their application for fees, and that the remaining redacted entries appeared to be related to communications protected by the attorney-client privilege and the work product doctrine. (Aug. 6, 2022 ECF Order.) The Court reserved the option of conducting an *in camera* review of the unredacted records if necessary in deciding the motion, and set a briefing schedule. (*See id.*) Defendant timely filed its memorandum in opposition, followed by Plaintiff's reply and a letter from Defendant providing notice of supplemental authority. (Mem. in Opp'n, ECF No. 24; Reply in Supp., ECF No. 26; Letter by ARstrat, ECF No. 27.)

On December 22, 2022, the Court directed Plaintiff to file the unredacted billing records *ex parte* and under seal for the Court's review in connection with the motion. (Dec. 22, 2022 ECF Order.) Having reviewed the unredacted records, the Court finds that Plaintiff's redactions pertain to internal communications and attorney-client communications, and the redacted information does not impact the Court's determination about the appropriate fee award in this case.

## DISCUSSION

I.  **Legal Standards**

   A.  **The FDCPA**

The FDCPA expressly provides for the award of a "reasonable attorney's fee" and costs in the case of "any successful action" to enforce liability under its provisions. 15 U.S.C. § 1692k(a)(3). As the Second Circuit has observed, "[t]he

2

FDCPA provides for fee-shifting as a matter of course to successful plaintiffs." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) (emphasis omitted). Decisions to deny or award fees are reviewed for abuse of discretion. *Id.* at 96.

There is no dispute here that Plaintiff is entitled to fees and costs. Defendants do contest, however, whether Plaintiff's request is reasonable. (Def.'s Mem. of Law in Opp'n to Pl.'s Mot., ECF No. 24 ("Def.'s Mem.").) Specifically, Defendant contends that Plaintiff's requested fee of $11,342.50 is not reasonable because there was no motion practice in the case, no depositions were taken, there were no discovery demands exchanged, and, according to Defendant, the arbitration, which was remote, took under an hour. (*Id.* at 1.)

### B. Reasonable Attorney's Fees

Courts have broad discretion in determining a reasonable attorney's fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). The method for determining reasonable fees in this circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill*, 522 F.3d at 186 n.3, 190. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009) (recounting history of the forum rule).

Once a court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended in order to determine the

3

presumptively reasonable fee. *See Arbor Hill*, 522 F.3d at 190; *id.* at 183 ("[T]he district court should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar' — what we think is more aptly termed the 'presumptively reasonable fee.'"); *see also Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'"). To calculate the presumptively reasonable fee, the court is to look at what a reasonable, paying client would be willing to pay, "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. With very limited exceptions, "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983); *see also Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 127 (E.D.N.Y. 2013).

"[T]he prevailing rates for experienced counsel in FDCPA cases in this district range from approximately $300 to $400 per hour." *McMillan v. Tate & Kirlin Assocs., Inc.*, No. 20-CV-777 (LDH) (RML), 2020 WL 7632092, at *4 (E.D.N.Y. Dec. 1, 2020), *report and recommendation adopted*, 2020 WL 7625369 (E.D.N.Y. Dec. 22, 2020); *see Seeger v. Ross & Assocs.*, No. 18-CV-3969 (ADS) (AYS), 2019 WL 5695944, at *5 (E.D.N.Y. Aug. 6, 2019) (observing that, in FDCPA cases, courts in this district have found "reasonable hourly rates to be approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates" (quotation marks and citation omitted)). In addition to typical billing rates, "case-specific factors like the novelty or complexity of the matter are appropriately considered in determining the

reasonable hourly rate or hours billed." *Lilly v. City of New York*, 934 F.3d 222, 232 (2d Cir. 2019).

**II. Analysis**

Plaintiff's counsel seeks $11,342.50 in attorney's fees for work on the underlying case. (*See* Billing Records, ECF No. 20-5, at 18.) In support of their request, Plaintiff's counsel has submitted billing records that document specific tasks performed, hours worked, and the hourly rates requested for attorneys and support staff. (*See id.*) The requested fee for counsel is based on an hourly billing rate of $450 for Craig Sanders, $350 for Jonathan Cader, and $275 for Kara McCabe, with a paralegal being billed at a rate of $125 per hour. (*Id.*) The billing records reflect that the attorneys' and paralegal's total time spent on the action was 53.8 hours, but that Plaintiff's counsel only seeks a fee award based on 37.2 hours. (*Id.* at 18.) As noted above, many of the entries that are discounted have been redacted, and counsel seeks fees for only a portion of the total attorney time on the case. (*Id.*) Specifically, counsel seeks compensation for 36.3 attorney hours (of which 3.7 were billed by Mr. Sanders, 8.1 by Mr. Cader, and 24.5 by Ms. McCabe), plus .9 hours of paralegal time. (*Id.*) Specifically, Plaintiff seeks to recover the following fees, as documented in the time records:

| Billing Professional | Hourly Rate Sought | Total Hours | Hours Discounted | Hours Billed | Compensation Sought |
|---|---|---|---|---|---|
| Craig Sanders | $450 | 11.2 | 7.5 | 3.7 | $1,665 |
| Jonathan Cader | $350 | 15.8 | 7.7 | 8.1 | $2,827.50[1] |

---

[1] The Court notes that Plaintiff's submitted billing records appear to include a minor discrepancy as to the hourly rate requested for Mr. Cader. Specifically, an entry from September 11, 2021, detailing .1 hours of work by Mr. Cader is billed at a rate of $275 per hour. (Billing Records, ECF No. 20-5, at 1.) Accordingly, multiplying the number of hours requested for Mr. Cader (8.1) against his hourly rate ($350) does not equal the amount Plaintiff requested ($2,827.50). The billing records represent Mr. Cader's total number of

| Billing Professional | Hourly Rate Sought | Total Hours | Hours Discounted | Hours Billed | Compensation Sought |
|---|---|---|---|---|---|
| Kara McCabe | $275 | 25.9 | 1.4 | 24.5 | $6,737.50 |
| Paralegal Christian Garcia | $125 | .9 | 0 | .9 | $112.50 |
| Total Fee Sought | | | | | $11,342.50 |

(Billing Records, ECF No. 20-5, at 18.) In addition, in their reply, Plaintiff argues that they are also entitled to an award for 3.5 hours for Ms. McCabe at $275 per hour, 2 hours for Mr. Cader at $350 per hour, and .5 hours for Mr. Sanders at $450 per hour, for an additional $1,887.50 in fees, related to the drafting of the motion for attorney's fees — for a total of $13,230 in attorney's fees. (*See* Reply, ECF No. 26, at 7–8 (seeking $13,536.28 in total, comprising $13,230 in fees and $306.28 in costs).)

In support of the application, the attorneys have submitted declarations detailing their professional experience. Mr. Craig Sanders is a founding partner at his firm; he has been practicing law since 1993 and he seeks compensation at the rate of $450 per hour. (Sanders Decl., ECF No. 20-4, ¶¶ 1–3.) Over his 29-plus year career, Mr. Sanders has focused primarily on federal litigation, including FDCPA claims, and he has been involved in thousands of FDCPA cases. (*Id.* ¶ 3.) Mr. Jonathan Cader is a senior associate, who received his law degree in 2001 from St. John's. (Cader Decl., ECF No. 20-3, ¶¶ 1, 2.) Mr. Cader attests that he has experience with bankruptcy, evaluation of valid debts, and over eight years of federal civil practice experience that has primarily focused on FDCPA work. (*Id.* ¶¶ 5–6.) He requests his "usual" billing rate of $350. (*Id.* ¶ 8.) Ms. Kara McCabe is a 2018 graduate of

---

hours to have been 15.8 hours, for which they seek to exclude 7.7 hours. (Billing Records, ECF No. 20-5, at 18.) At a rate of $350, the remaining 8.1 hours would have been billed at a rate of $2,835. (*See id.*) The $7.50 discrepancy appears to be the difference between billing one-tenth of an hour at a rate of $350 per hour (.1 x $350 = $35.00) versus a rate of $275 per hour (.1 x $275 = $27.50). For the reasons discussed below, this discrepancy is immaterial because the Court recommends awarding a lower rate for Mr. Cader.

6

Brooklyn Law School, who has been admitted to practice since 2019. (McCabe Decl., ECF No. 20-2, ¶ 2.) She represents that she has primarily focused on commercial and civil litigation during her career, with experience at the state and federal levels, and that her billing rate is $275. (*Id.* ¶¶ 3, 5.)

Having carefully reviewed the billing records, the history of the case, and the case filings, as well as the attachments to Plaintiff's motion, the Court finds that the requested attorney's fee is slightly high.[2] Accordingly, for the following reasons, the Court respectfully recommends reducing the award of fees as detailed below.

**A. Hourly Rates**

As set forth above, the hourly rates for FDCPA cases in this district range from $300 to $450 for partners, $200 to $325 for senior associates, and $100 to $200 for junior associates. *See also Rosen v. L J Ross Assocs., Inc.*, No. 19-CV-5516 (ARR) (VMS), 2022 WL 493728, at *5 (E.D.N.Y. Jan. 24, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 493274 (E.D.N.Y. Feb. 17, 2022). The rates counsel seeks in this case are, accordingly, at the very high end or in excess of the typical rates awarded. Two very recent cases in the district, both in the FDCPA context, awarded Mr. Sanders an hourly rate of $370 and Mr. Cader a rate of $250. *See Rosen*, 2022 WL 493728, at *5; *Blonder v. Independence Capital Recovery, LLC*, No. 21-CV-912 (ARR) (AYS), 2022 U.S. Dist. LEXIS 176810, at *9 (E.D.N.Y. Sept. 28, 2022). For more junior associates, an associate with a comparable amount of experience to Ms. McCabe was awarded a rate of $225 per hour in *Rosen*, 2022 WL 493728, at *8, and a

---

[2] In his declaration, Mr. Sanders states that "Plaintiff incurred and seeks reimbursement for costs in the amount of $306.28 which includes a $216.28 filing fee," as to which he asks the Court to take judicial notice, as well as "a $90.00 service of process fee from Austin Process LLC." (Sanders Decl., ECF No. 20-4, ¶ 10.)

7

fourth-year associate was awarded $150 per hour in *Blonder*, 2022 U.S. Dist. LEXIS 176810, at *9. In another recent case, decided in a default posture, Mr. Cader was awarded $350 per hour, while Ms. McCabe was awarded $150 per hour. *Quinn v. Mountain Run Sols., LLC*, No. 21-CV-1847 (JMA) (AYS), 2022 WL 219579, at *2 (E.D.N.Y. Jan. 24, 2022).

Here, the Court respectfully recommends an award based on the following hourly rates: $370 for Mr. Sanders, $275 for Mr. Cader, $200 for Ms. McCabe, and $100 for the paralegal, Mr. Garcia.

### B. Total Number of Hours

"When considering an application for attorneys' fees, the court should exclude 'excessive, redundant, or otherwise unnecessary' hours." *Rosen*, 2022 WL 493728, at *6 (quoting *Hensley*, 461 U.S. at 434). Alternatively, "in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quotation marks and citation omitted); *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA—ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (reiterating that a court may use a percentage reduction "as a practical means of trimming fat from a fee application") (quotation marks and citation omitted); *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (remanding the case for reconsideration "because the recitation of reasons for accepting all of counsel's pre-verdict requests for fees suggests that the Magistrate Judge may have failed to critically examine these requests" but noting that "[w]e do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items");

8

*see also De La Paz v. Rubin & Rothman, LLC,* No. 11-CV-9625 (ER), 2013 WL 6184425, at *4 (S.D.N.Y. Nov. 25, 2013).

Here, Defendant argues that the total number of hours billed is excessive, for several reasons. First, Defendant argues that Plaintiff included time entries for a Rule 11 motion that was never filed (2.1 hours for Mr. Cader, and 1.3 for Ms. McCabe), as well as a remand motion that was likewise not filed (1.4 hours for Ms. McCabe). (Mem. in Opp'n, ECF No. 24, at 5–6.)[3] Altogether, at the proposed hourly rates, the work expended on these motions would total $1,477.50. Defendant further argues that there was "much consultation" between counsel for a case of this complexity, and that there was excessive billing related to email, of at least three hours. (Mem. in Opp'n, ECF No. 24, at 5–6.)

The Court is skeptical that a client would be willing to pay approximately $1,500 as to motions that were never filed, but also recognizes that attorneys must be afforded some latitude to research and evaluate different litigation strategies, so the mere fact that the motion was not filed does not, alone, warrant exclusion of all work expended on that motion. *See, e.g., Wilder v. Bernstein*, No. 78-CV-957 (RJW), 1998 WL 323492, at *3 (S.D.N.Y. June 18, 1998) (reducing lodestar by 50% for fees related to an unfiled application for fees). Time spent working on an unfiled motion

---

[3] The Court notes that a careful review of the billing records does not support Defendant's assertion (made without citation to the billing records) that counsel is seeking payment for 1.3 hours of work by Ms. McCabe as to the Rule 11 motion. (*Compare* Mem. in Opp'n, ECF No. 24, at 5–6 *with* Billing Records, ECF No. 20-5.) As to the Rule 11 motion, Mr. Cader billed 1.6 hours on November 22, 2021, and .5 hours on November 23, 2021, for a total of 2.1. (Billing Records, ECF 20-5, at 3.) Plaintiff's billing records reflect Ms. McCabe's billing of .5 hours for drafting a cover letter as to the Rule 11 motion on November 24, 2021. (*See id.* at 3.) As for the remand motion, the billing records reflect 1.3 hours of work by Ms. McCabe on November 22, 2021, related to drafting the remand documents, as well as .9 described as "NOR motion drafts" on November 24, 2021. (*See id.*) Accordingly, the billing records suggest 2.7 hours billed by Ms. McCabe as to these motions in total, consistent with Defendant's overall estimate of Ms. McCabe's time spent on unfiled motions.

9

may be compensable "where, even though the motion was not filed, it was prepared in order to advance the underlying litigation." *Alvarez v. Haywood*, No. 06-CV-745 (FJS) (DRH), 2011 WL 13130851, at *10 (N.D.N.Y. Aug. 29, 2011). Here, given that the motions were not ultimately finalized and filed, the Court finds that a reduction of approximately 50% as to the hours billed on these motions is appropriate, and recommends reducing Mr. Cader's hours by one hour, and Ms. McCabe's hours by 1.3, resulting in an award based on one hour for Mr. Cader and 1.4 hours for Ms. McCabe in connection with these motions.

Similarly, although the Court does question some of the billing related to the review and sending of emails, Plaintiff's counsel already excluded many such entries, including many of those entered by Mr. Sanders and Mr. Cader, the more expensive supervisory counsel. *See, e.g., Solomon v. Allied Interstate, LLC*, No. 12-CV-7940 (CM), 2013 WL 5629640, at *1–2 (S.D.N.Y. Oct. 7, 2013) (finding that "excessive internal emails" provided ground to reduce attorneys' fees). However, according to the billing records, Ms. McCabe appears to have billed over seven hours related to sending and receiving email alone, estimating at least one-tenth of an hour for every email sent or received. (*See* Billing Records, ECF No. 20-5.) This is of course the smallest billing increment typically used by lawyers, but when .1 is billed for dozens of emails, the overall total amount of time logged for email risks becoming too high cumulatively. For example, the Court questions the .8 hours billed by Ms. McCabe on one day, April 26, 2022, all related to *internal* emails. (*See id.* at 11.) *See, e.g., Ryan v. Allied Interstate, Inc.*, 882 F. Supp. 2d 628, 637 (S.D.N.Y. 2012) (observing that "several entries of 0.1 (six minutes) on the same day for review of ECF emails" inflated the time spent). Accordingly, the Court recommends a modest reduction in Ms. McCabe's hours, namely, a reduction of 2.0 hours for overbilling as to email.

10

Upon a careful review of the time records and considering all the factors, particularly the lack of complexity or novelty in the case, and the somewhat excessive amount of time billed on preparing the unfiled motions and internal emails, the Court concludes that the bill here includes some "fat," but not much. This is largely due to the fact that Plaintiff's counsel already excluded a significant number of hours from their request, including the majority of the time Plaintiff's counsel spent internally consulting on the case. Notwithstanding Plaintiff's counsel's exclusions, as discussed above, the Court respectfully recommends two adjustments to the hours: (1) reducing the time spent on the unfiled motions by approximately 50%, and (2) reducing Ms. McCabe's hours by 2.0 hours to compensate for inflated billing on emails. The paralegal's billed time of .9 is reasonable for the tasks performed, which included opening the case on the New York State E-courts system and contacting the Plaintiff to apprise her of information for a Zoom conference.

The Court further recommends that the fee award include some additional compensation related to drafting Plaintiff's reply to Defendant's response to the fee application, but given the length and complexity of that filing, respectfully submits that Plaintiff's requests are too high. Accordingly, the Court recommends awarding 2.2 hours for Ms. McCabe, 1.0 for Mr. Cader, and .5 for Mr. Sanders in connection with the drafting of the reply brief. (*See* ECF No. 26.)

These deductions, coupled with a reduction of the hourly rates to the levels discussed above would result in a total fee award of **$8,551.50**, as set forth below:

| Billing Professional | Hourly Rate Recommended | Hours Billed | Reduced Hours | Hours for Reply | Total Hours | Fee Award |
|---|---|---|---|---|---|---|
| Craig Sanders | $370 | 3.7 | | .5 | 4.2 | $1,554 |
| Jonathan Cader | $275 | 8.1 | -1.0 | 1.0 | 8.1 | $2,227.50 |

11

| Billing Professional | Hourly Rate Recommended | Hours Billed | Reduced Hours | Hours for Reply | Total Hours | Fee Award |
|---|---|---|---|---|---|---|
| Kara McCabe | $200 | 24.5 | -3.3 | 2.2 | 23.4 | $4,680 |
| Paralegal Christian Garcia | $100 | .9 | | Not applicable | | $90 |
| Total Recommended Fee Award | | | | | | $8,551.50 |

### C. Costs

Counsel also requests $306.28 in costs, which include a $216.28 filing fee, as to which counsel asks the Court to take judicial notice, and a $90.00 fee for service of process. (Sanders Decl., ECF No. 20-4, ¶ 10.) Defendants did not raise any specific objection to these costs, and "[t]hose expenses are routinely recoverable as litigation costs." *Hancock v. I.C. Sys., Inc.*, 592 F. Supp. 3d 250, 258 (S.D.N.Y. 2022). As to the filing fee, the Court takes judicial notice, based on the New York State fee schedule for 2021, that the filing fee was $210. *See* Filing Fees, Supreme Court, https://www.nycourts.gov/forms/filingfees.shtml (detailing $210 as the fee for obtaining an index number in county supreme court) (last visited Jan. 24, 2023). In the absence of documentation for the costs for service of process, the Court finds $90 for service to be reasonable, and recommends an award of costs in the amount of **$306.28**. *See, e.g., Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 415 (S.D.N.Y. 2003) (awarding costs itemized by the attorneys, including the filing fee and service fees).

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for attorney's fees and costs be granted, in part, and that Plaintiff's counsel be awarded **$8,857.78** in attorney's fees and costs.

\* \* \* \* \*

This Report and Recommendation will be filed electronically. Objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Eric R. Komitee, at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated:  Brooklyn, New York
         January 25, 2023

_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE